GLD-020                                                      **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3927
_____

IN RE: MICHAEL JOHN PISKANIN, JR.,
                                                      Petitioner,
_____

On a Petition for Writ of Mandamus from
United States District Court
for the Eastern District of Pennsylvania
(Related to D.C. Crim. No. 10-cr-00211 )
_____

Submitted Pursuant to Fed. R. App. Pro. 21
October 28, 2010

Before:   AMBRO, CHAGARES AND NYGAARD, <u>Circuit</u> <u>Judges</u>

(Opinion filed November 4, 2010)
_____

OPINION
_____

PER CURIAM

      Appellant Michael J. Piskanin, Jr. was convicted following a jury trial in the Court

of Common Pleas of Lehigh County, Pennsylvania of theft by deception, receiving stolen

property, and identity theft.  <u>See</u> <u>generally</u> <u>Piskanin v. Hammer</u>, 269 Fed. Appx. 159,

1

160-61 (3d Cir. 2008). On June 8, 2009, Piskanin submitted a petition for removal pursuant to 28 U.S.C. § 1442 in United States District Court for the Eastern District of Pennsylvania, D.C. Crim. No. 09-cr-00387, seeking to remove his state criminal case to federal court. Piskanin alleged that he acted as an operative of United States law enforcement agencies from 2001 to 2004, and his criminal prosecution was in retaliation for information he had supplied to the federal government about Lehigh County officials. The Government submitted a response, arguing that the removal petition was untimely under 28 U.S.C. § 1445(c)(1) because it was filed without leave of court well after Piskanin's arraignment and trial. Moreover, good cause did not exist for excusing the time requirements. The Government also disputed that Piskanin was acting on behalf of the federal government when he committed the acts for which he now stands convicted in the state case.

In an order entered on July 9, 2009, the District Judge dismissed the removal petition, declining to exercise jurisdiction and thus leaving the criminal case in state court. The court reasoned that removal under 28 U.S.C. § 1442(a)(1) is only authorized where there is a causal connection between the charges raised against the individual in the state court criminal proceedings and his prior services to federal law enforcement agencies and agents. Piskanin appealed, and we dismissed the appeal (C.A. No. 09-3232) for lack of appellate jurisdiction under 28 U.S.C. § 1447(d) and Trans Penn Wax Corp. v. McCandless, 50 F.3d 217, 222 (3d Cir. 1995) (district court order in effect remanding

2

action to state court based on lack of subject matter jurisdiction is unreviewable).

On April 7, 2010, Piskanin filed another removal petition in the Eastern District of Pennsylvania, D.C. Crim. No. 10-cr-00211, again claiming that he is entitled to removal of his state court criminal case on the basis of his work for the Federal Bureau of Investigation. In an order entered on April 13, 2010, the District Judge again dismissed the removal petition, noting Piskanin's history of removal petitions and the Government's prior response denying his assertion that, during the relevant time period, he had acted under an officer of the United States or any agency thereof. Following the denial of a motion for reconsideration, Piskanin appealed, and again we dismissed the appeal (C.A. No. 10-2336) for lack of appellate jurisdiction under 28 U.S.C. § 1447(d) and Trans Penn Wax Corp., 50 F.3d at 222.

At issue now, Piskanin has filed a petition for writ of mandamus in connection with his second attempt at removing his state criminal proceedings to federal court (D.C. Crim. No. 10-cr-00211). Piskanin contends that the United States Attorney's disavowal of his assistance to the federal government requires an investigation and a hearing. The hearing, at which he would call certain active and retired agents of the FBI, would establish his service as an operative, and thus the bases for removal of his state criminal case and his assertion that he is entitled to federal officer immunity. Piskanin contends that he supplied information to the federal government about alleged criminal acts by certain Lehigh County officials, and he was prosecuted by those Lehigh County officials

3

in retaliation. He contends that the District Judge exceeded her authority by refusing to assume jurisdiction over his state case, denying him a writ of habeas corpus under 28 U.S.C. § 1446(e) (providing for federal court to take custody once criminal case is removed), and denying him an evidentiary hearing.

Piskanin further argues that mandamus is his only available remedy; he has no other adequate means to seek review of the District Judge's actions. He seeks the following: an order directing the District Judge to assume jurisdiction over his state criminal case and to issue a writ bringing him into federal custody, a hearing to establish his entitlement to federal officer immunity, and a declaration that he has federal officer immunity.

We will deny the petition for writ of mandamus. Our jurisdiction derives from 28 U.S.C. § 1651, which grants us the power to "issue all writs necessary or appropriate in aid of (our) . . . jurisdiction and agreeable to the usages and principles of law." But a writ of mandamus is an extreme remedy that is invoked only in extraordinary situations. See Kerr v. United States Dist. Court, 426 U.S. 394, 402 (1976). To justify the use of this extraordinary remedy, a petitioner must show both a clear and indisputable right to the writ and that he has no other adequate means to obtain the relief desired. See Haines v. Liggett Group Inc., 975 F.2d 81, 89 (3d Cir. 1992).

Assuming that Piskanin has no other adequate means to obtain review of the District Judge's actions in D.C. Crim. No. 10-cr-00211, cf. Pennsylvania v. Newcomer,

4

618 F.2d 246, 248 (3d Cir. 1980) (order denying state's motion to remand criminal case reviewed under mandamus standard), he must nevertheless also show a clear and indisputable right to the writ.  For this, we must consider whether removal was proper under 28 U.S.C. § 1442 and whether it was timely under section 1446(c).  See Newcomer, 618 F.2d at 249.

Section 1442(a)(1) provides that a criminal prosecution commenced in a state court may be removed to federal district court if the defendant in the criminal prosecution is "any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office…."  28 U.S.C. § 1442(a)(1).  Any such removal petition generally must be filed "not later than thirty days after the arraignment in the State court, or at any time before trial, whichever is earlier…."  28 U.S.C. § 1446(c)(1).  Upon a showing of good cause, the District Judge may grant the defendant leave to file a notice of removal at a later time.  See id.

Piskanin's removal petition, filed after he was convicted, plainly was untimely under 28 U.S.C. § 1446(c)(1).  Furthermore, under section 1442(a)(1), removal is not available where there is no "causal connection between what the officer has done under asserted official authority and the state prosecution.  It must appear that the prosecution of him, for whatever offense, has arisen out of the acts done by him under color of federal authority and in enforcement of federal law…  Mesa v. California, 489 U.S. 121, 131-32

5

(1989) (quoting <u>Maryland v. Soper</u>, 270 U.S. 9, 33 (1926)).

Even assuming that Piskanin has sufficiently alleged that his prior work for federal law enforcement agencies or federal agents entitles him to the status of a federal official, something we seriously doubt, he is entitled to relief only if the charges brought against him in state court arose directly from his actions as a federal official. <u>See</u> <u>id.</u> Piskanin has failed to allege any actions he took in the performance of his duty as a federal officer that could constitute the basis of a prosecution for theft by deception, receiving stolen property, or identity theft. Because the required causal connection is missing, removal was not proper under 28 U.S.C. § 1442(a)(1), and thus Piskanin has not shown a clear and indisputable right to the writ, <u>see</u> <u>Haines</u>, 975 F.2d at 89. A hearing on the matter is unwarranted.

We will deny the petition for writ of mandamus.